UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



_____

TYRONE L. LEGREE,

       Plaintiff,

      v.

UNITED STATES OFFICER;
MONROE COUNTY JAIL; DEPUTY
DOMINIC DENAREO; and NEW
YORK STATE GOV.,[1]

       Defendants.

_____

25-CV-432 (JLS)

## DECISION AND ORDER

_Pro se_ Plaintiff Tyrone Legree, ("Plaintiff"), a prisoner confined at the Franklin Correctional Facility, commenced this action under 42 U.S.C. § 1983, which arises from an assault that occurred while he was incarcerated at the Monroe County Jail.  Plaintiff has filed a motion to appoint counsel (Dkt. 3), which contains additional facts relevant to his assault, and which will be referenced below to supplement the allegations in the complaint.  Plaintiff also has filed a motion seeking leave to proceed _in forma pauperis_ ("IFP") with the required affirmation. Dkt. 2.

Because Plaintiff meets the requirements of 28 U.S.C. § 1915(a), he is granted permission to proceed IFP.  The Court therefore screens his complaint

---

[1] The caption is reproduced as it appears in the Court's electronic case management system ("CM/ECF").

1

pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A(a)-(b). For the reasons below, Plaintiff's motion to appoint counsel is denied without prejudice. His claims against Defendant "New York State Gov." are dismissed without leave to amend. His Eighth Amendment claims for excessive force and failure to protect against Defendant Denareo in his individual capacity may proceed to service, and his remaining claims are dismissed with leave to amend.

**DISCUSSION**

## I.    LEGAL STANDARDS

### A.    Review Under the IFP Statutes

A court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines the action "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1)-2) (same standard of review).

### B.    Pleading Standards

In evaluating a complaint, the court must "accept all of the facts alleged in the complaint as true and draw all inferences in the plaintiff's favor." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (internal quotation marks and citation omitted). Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even a *pro se* complaint must comply with Rule 8 of the

2

Federal Rules of Civil Procedure, which requires a complaint to make "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint states a claim for relief if the claim is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In other words, although a *pro se* complaint need not provide every last detail in support of a claim, it must contain sufficient factual allegations to nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. *See Komatsu v. Cubesmart, Daniels Norelli Cecere & Tavel PC*, 2021 WL 6060603, at *1 (2d Cir. Dec. 20, 2021) (summary order) (to avoid *sua sponte* dismissal under the IFP statutes, "a complaint must plead 'enough facts to state a claim to relief that is plausible on its face'"); *Scott Phillip Lewis v. R.L. Vallee, Inc., d.b.a. Maplefield's*, 2025 WL 1077412, at *1 (2d Cir. Apr. 10, 2025) (summary order) (same).

The Court's liberal pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A complaint fails to state a claim if it supplies only "labels and conclusions," *Twombly*, 550 U.S. at 555, "a formulaic recitation of the elements of a cause of action," *id.*, or "'naked assertions' devoid of 'further factual enhancement,'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Although a court is "obligated

3

to draw the most favorable inferences that [a plaintiff]'s complaint supports, [it] cannot invent factual allegations that he [or she] has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

### C.    Section 1983 Claims

To state a valid claim under 42 U.S.C. § 1983, "the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

To establish liability against an official under Section 1983, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation; it is not enough to assert that the defendant is a link in the chain of command. *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004). Moreover, the theory of *respondeat superior* is not available in a Section 1983 action. *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). There is "no special rule for supervisory liability." *Tangreti v. Bachmann,* 983 F.3d 609, 618 (2d Cir. 2020). Rather, "a plaintiff must plead and prove that each Government-official defendant, through the official's own individual actions . . . violated the Constitution." *Id.* (quoting *Iqbal*, 556 U.S. at 676).

4

### D.    Leave to Amend

Generally, a court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal, unless it "can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (internal quotation marks and citation omitted); *see also Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("A pro se complaint is to be read liberally.  Certainly, the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999))).  But leave to amend pleadings may be denied when any amendment would be "futile." *Cuoco*, 222 F.3d at 112.

## II.    The Complaint

Liberally construed, the complaint tells the following story.  Plaintiff alleges that, on December 5, 2024, while incarcerated at the Monroe County Jail, Denareo ordered and paid another inmate, Tyrone Singletary ("Singletary"), to assault Plaintiff, and "opened [Plaintiff's] cell" to allow Singeltary to commit the assault. Dkt. 1 at 4-5; Dkt. 3 at 2.  The assault was ordered "because [of Plaintiff's] alleged criminal charges." Dkt. 3, at 2.  The inmate kicked and punched Plaintiff "a dozen or more times" in "[the] face, head, [and] upper [and] lower back." *Id.*  This assault caused Plaintiff nerve damage and pain. *Id.*; Dkt. 1 at 4.  Plaintiff had to lie down "most of the day because of the pain." Dkt 1 at 5.  Plaintiff alleges that he believes "they are trying to sweep it under the rug." *Id.* at 7.  He also alleges that the

5

"Sheriff[']s Deputy," presumably Denareo, "was fired," that this was "on the news", and that "internal affairs conducted an investigation." *Id.* at 4, 5, 8.

Plaintiff characterizes his claims as "Equal Protection, First Amendment, [and] Eighth Amendment." *Id.* at 3. He sues Denareo in his official capacity and requests monetary damages. *Id.* at 2, 5.

## III. *BIVENS*

An action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), affords "the victims of a constitutional violation by a federal agent . . . a right to recover damages against the official in federal court despite the absence of any statute conferring such a right." *Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006) (quoting *Carlson v. Green*, 446 U.S. 14, 18 (1980)).

Plaintiff has checked the box in the form complaint indicating that this is a suit against federal officials, Dkt. 1 at 3, and he has also named a "United States Officer" in the caption as a defendant, but no United States Officer is mentioned in the complaint or in the motion to appoint counsel. The claims against Defendant United States Officer are therefore dismissed from the action without prejudice. *Cf. Watson v. Bojkovic*, No. 17-CV-5137 (BMC)(LB), 2018 WL 11700088, at *2, n.1 (E.D.N.Y. Oct. 24, 2018) (declining to construe complaint as asserting claims under *Bivens* where allegations did not involve any federal officials).

6

## IV.    SECTION 1983 CLAIMS

### A.    Eleventh Amendment

Unless a State has "waived its Eleventh Amendment immunity or Congress has overridden it . . . a State cannot be sued directly in its own name regardless of the relief sought." *Kentucky v. Graham,* 473 U.S. 159, 167 n.14 (1985) (citation omitted).  Congress has not abrogated the states' immunity for claims for monetary damages under Section 1983, *see Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990), and New York has not waived its immunity to suit in federal court, *see Trotman v. Palisades Interstate Park Comm'n,* 557 F.2d 35, 40 (2d Cir. 1977). The claims against Defendant "New York State Gov." are therefore dismissed without prejudice but without leave to amend in this action.[2]

### B.    Municipal Liability

Plaintiff names the Monroe County Jail as a Defendant in this action.  The Monroe County Jail is an "administrative subdivision" of Monroe County. *Wekenmann v. Erie Cnty. Sheriff's Off.*, 1:19-cv-1572, 2021 WL 22540, at *1 (W.D.N.Y. Jan. 4, 2021).  As such, "[i]t is not subject to suit in its own capacity." *Id.*

---

[2] "Whether Eleventh Amendment immunity 'constitutes a true issue of subject matter jurisdiction or is more appropriately viewed as an affirmative defense' has not yet been decided by the Supreme Court or this Court." *Allco Fin. Ltd. v. Roisman*, No. 22-2726, 2023 WL 4571965, at *1 (2d Cir. July 18, 2023) (summary order) (quoting *Carver v. Nassau Cty. Interim Fin. Auth.*, 730 F.3d 150, 156 (2d Cir. 2013)).  Consequently, the Court dismisses Plaintiff's claims as barred by the Eleventh Amendment without prejudice. *See, e.g., Petralia v. New York*, No. 6:20-CV-06393 EAW, 2021 WL 4034526, at *3 (W.D.N.Y. Sept. 3, 2021).

Instead, the Court will treat it as "an action against the County itself." *Id.* (quoting *Metcalf v. County of Erie*, 173 A.D.3d 1799, 1801 (4th Dep't. 2019)).

Likewise, Plaintiff sues Denareo, a Monroe County Sheriff's Deputy in his official capacity. This is the functional equivalent of a suit against his employer, Monroe County. *See Coon v. Town of Springfield*, 404 F.3d 683, 687 (2d Cir. 2005) ("[A] § 1983 suit against a municipal officer in his official capacity is treated as an action against the municipality itself.").

A municipality cannot be held liable under Section 1983 unless the challenged action was undertaken pursuant to a municipal policy or custom. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). To state such a claim, a plaintiff must plead three elements: "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) (quoting *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983)).

An official policy or custom can be established by showing:

> a formal policy officially endorsed by the municipality; (2) actions or decisions made by municipal officials with decision-making authority; (3) a practice so persistent and widespread that it constitutes a custom of which policymakers must have been aware; or (4) a failure by policymakers to properly train or supervise their subordinates, such that the policymakers exercised "deliberate indifference" to the rights of the plaintiff and others encountering those subordinates.

*Kurmangaliyev v. City of New York*, 2023 WL 8654023, at *2 (E.D.N.Y. Dec. 14, 2023) (citing cases).

The complaint, however, does not allege any facts suggesting that Plaintiff's rights were violated pursuant to a policy or custom of Monroe County. *See generally* Dkt. 1. Plaintiff, therefore, has failed to allege a basis to impose municipal liability. He may, however, amend his complaint to allege facts showing that his constitutional rights were violated by a municipal policy or custom.

## C.    Eighth Amendment Failure to Protect and Excessive Force

Plaintiff alleges that Denareo ordered another inmate to attack him. In doing so, he raises both a failure to protect claim and an excessive force claim. *See Woodward v. Davis,* No. 9:22-CV-438 (GLS/CFH), 2022 WL 22951315, at *4 (N.D.N.Y. Jun. 2, 2022) ("[A]llegations that a correctional officer made statements intending to incite others to attack an inmate may state an excessive force claim."); *Dadaille v. Coxsackie Corr. Facility,* No. 9:23-CV-1583 (GTS) (ML), 2024 WL 1257378, at *5 (N.D.N.Y. Mar. 25, 2024) (same); *Walsh v. Goord,* No. 07-CV-0246, 2007 WL 1572146, at *10 (W.D.N.Y. May 23, 2007) (holding that if the defendants "made statements to other inmates that [the] plaintiff was a snitch or child molester which incited other inmates to assault [the] plaintiff, thereby placing him at a grave risk of injury, then a claim of excessive force may be stated").

As a convicted prisoner, Plaintiff's excessive force claim is governed by the Eighth Amendment. *See Yancey v. Pancoe,* No. 6:20-CV-06149 EAW, 2021 WL 859378, at *3 (W.D.N.Y. Mar. 8, 2021) ("[T]he use of force against an inmate who

has been convicted is governed by the Eighth Amendment.").[3] To state a claim for the use of excessive force in violation of the Eighth Amendment, a plaintiff "must allege two elements, one subjective and one objective." *Crawford v. Cuomo*, 796 F.3d 252, 256 (2d Cir. 2015). As to the objective element, a plaintiff "must allege that the conduct was objectively 'harmful enough' or 'sufficiently serious' to reach constitutional dimensions." *Crawford*, 796 F.3d at 256 (quoting *Hudson v. McMillian*, 503 U.S. 1, 8, 20 (1992)). Courts analyze this element according to the nature of the force used, rather than the degree of injury. *See Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010) ("Injury and force . . . are only imperfectly correlated, and it is the latter that ultimately counts."). Consequently, a "malicious use of force to cause harm constitutes an 'Eighth Amendment violation[ ] *per se* . . . whether or not significant injury is evident.'" *Griffin v. Crippen*, 193 F.3d 89, 91 (2d Cir. 1999) (quoting *Blyden v. Mancusi*, 186 F.3d 252, 263 (2d Cir. 1999)).

To satisfy the subjective element, a plaintiff must allege that the defendant acted with a "sufficiently culpable state of mind," the "core . . . inquiry" being

---

[3] Plaintiff alleges that he is a convicted state prisoner. Dkt. 1 at 4. It is likely that, due to his incarceration at the Monroe County Jail and subsequent transfer to a State correctional facility, he was a pretrial detainee when the events alleged in the complaint occurred, and therefore, the Fourteenth Amendment would apply. In any event, even if Plaintiff's claims were analyzed under Fourteenth Amendment, they remain sufficiently alleged to proceed to service. *See Ware v. Brann*, No. 21 CIV. 2028 (DEH), 2024 WL 4202681, at *2 (S.D.N.Y. Sept. 16, 2024), *appeal dismissed* (Feb. 3, 2025) ("[T]he Fourteenth Amendment provides protections 'at least as great as the Eight Amendment protections available to a convicted prisoner'—in other words, the Eighth Amendment provides no additional protections not granted under the Fourteenth Amendment." (quoting *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017))).

"whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7-8 (internal quotation marks and citations omitted). Not "every malevolent touch," however, "gives rise to a federal cause of action." *Id.* at 9. The Eighth Amendment's prohibition against excessive force does not extend to "*de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10 (quoting *Whitley v. Albers*, 475 U.S. 312, 327 (1986)).

The absence of serious injury, even if not the controlling factor, remains relevant to the Eighth Amendment inquiry. For instance, "'the extent of injury . . . may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation," *Hudson*, 503 U.S. at 7 (quoting *Whitley*, 475 U.S. at 321), or "provide some indication of the amount of force applied." *Wilkins*, 559 U.S. at 37.

The Eighth Amendment also requires prison officials to take reasonable measures to guarantee the safety of inmates in their custody. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). The assessment of whether the measures taken are reasonable turns on an analysis of two factors. First, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* at 834. A substantial risk of serious harm may arise from "from either 'a specific assailant' or 'a more general risk of harm due to the conditions at the time of the attack.'" *Dietrich v. County of Orange*, No. 19-CV-10485 (CS), 2020 WL 5209816, at *3 (S.D.N.Y. Sept. 1, 2020) (citation omitted).

Plaintiff's allegations that Denareo paid, ordered, and facilitated Singletary to attack him causing significant injury, sufficiently allege colorable claims for failure to protect and excessive force, which may proceed to service against Denareo in his individual capacity.[4]

### D.    First Amendment Access to Courts

While Plaintiff references a First Amendment claim in the complaint, Dkt. 1 at 3, the basis of that claim is difficult to discern from the facts alleged.  The complaint includes no allegation that the attack was retaliatory.  Plaintiff alleges, however, that the jail officials were "trying to sweep [the incident] under the rug." *Id.* at 7.  Liberally construed, he may be seeking to raise a First Amendment access-to-courts claim.

Prisoners, including pretrial detainees, "have a constitutional right of access to the courts" that requires a "reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Bounds v. Smith*, 430 U.S. 817, 821-25 (1977); *see Bourdon v. Loughren*, 386 F.3d 88, 92 (2d Cir. 2004).  This right of access to the court "gives rise to a number of derivative rights, including the right to access legal materials to prepare a case, and the right of indigent inmates to be provided with paper and pens to draft legal documents and

---

[4] Permitting this or any claim to proceed to service does not immunize it from a motion to dismiss or for summary judgment. *See Jones v. Sullivan*, 9:19-cv-0025 (BKS/CFH), 2020 WL 5792989, at *5 (N.D.N.Y. Sept. 29, 2020) ("A court's initial screening under § 1915(e) and/or § 1915A does not preclude a later dismissal under Fed. R. Civ. P. 12(b)(6)." (citing *Cusamano v. Sobek*, 604 F. Supp. 2d 416, 434-35 (N.D.N.Y. 2009)).

stamps to mail them." *Collins v. Goord*, 581 F. Supp. 2d 563, 573 (S.D.N.Y. 2008) (citing *Bounds*, 430 U.S. at 824-28). As a derivative right, a plaintiff must demonstrate an "'actual injury' in order to have standing." *Benjamin v. Fraser*, 264 F.3d 175, 185 (2d Cir. 2001) (quoting *Lewis v. Casey*, 518 U.S. 343, 351 (1996)).

Thus, in order to allege a plausible First Amendment denial of access to courts claim, a plaintiff must demonstrate "that a defendant caused 'actual injury,' *i.e.*, took or was responsible for actions that 'hindered . . . efforts to pursue a [non-frivolous] legal claim.'" *Monsky v. Moraghan*, 127 F.3d 243, 247 (2d Cir. 1997) (internal citation omitted) (quoting *Lewis*, 518 U.S. at 351); *see Kaminski v. Semple*, 796 F. App'x 36, 39 (2d Cir. 2019) (summary order) ("Actual injuries include the dismissal of a complaint for a technical deficiency that would have been cured with appropriate legal facilities, or that a prisoner was 'stymied' from bringing an arguably actionable claim by the 'inadequacies of the law library.'" (quoting *Lewis*, 518 U.S. at 351)). A plaintiff must also allege that the actual injury was the result of deliberate and malicious conduct. *See Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003); *DeMeo v. Tucker*, 509 F. App'x 16, 18 (2d Cir. 2013) (summary order).

"[T]he underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation," and "the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Christopher v. Harbury*, 536 U.S. 403, 415-16 (2002). The legal claim hindered must also concern a plaintiff's "criminal conviction, habeas

13

corpus petition, or conditions of confinement." *Kaminski*, 796 F. App'x at 39 (citing *Lewis*, 518 U.S. at 352-54). "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis*, 518 U.S. at 355.

Taking Plaintiff's allegations as true, he nevertheless offers no facts to explain how any legal action has been prejudiced by the defendants' conduct. Accordingly, Plaintiff's claim that he has been denied access to the courts is dismissed, but with leave to replead the claim in an amended complaint.

### E.    Equal Protection

Plaintiff identifies, but does not provide any facts to support, an equal protection claim. Dkt. 1 at 3. "The Equal Protection Clause of the Fourteenth Amendment requires that all persons similarly situated be treated in the same manner." *Allen v. Cuomo*, 100 F.3d 253, 260 (2d Cir. 1996) (citing *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)). In order to plead a facially valid equal protection claim, "a plaintiff must allege: (1) that he has been treated differently from similarly-situated persons, and (2) that the discrimination is based upon a constitutionally impermissible basis, such as his race, religion, national origin, or some other protected characteristic." *Sullivan v. Chappius*, 711 F. Supp. 2d 279, 284 (W.D.N.Y. 2010).

"[T]he law presumes plausible allegations of discriminatory motivation to be equivalent to allegations of differential treatment from similarly situated comparators." *Walston v. City of New York*, 22-CV-10002 (LAK)(JW), 2024 WL

14

1376905, at *10 (S.D.N.Y. Mar. 7, 2024) (citation and internal quotation marks omitted), *report and recommendation adopted*, 2024 WL 1374837 (S.D.N.Y. Apr. 1, 2024); *Hawkins v. Miller*, 20-CV-1798-LJV, 2023 WL 5019602, at *4 (W.D.N.Y. Aug. 7, 2023) (the absence of an allegation that the plaintiff was treated differently than other similarly situated individuals, "is not fatal to [an] equal protection claim").

For instance, "[t]o state a race-based claim under the Equal Protection Clause, a plaintiff must allege that a government actor intentionally discriminated against him on the basis of his race." *Brown v. City of Oneonta, N.Y.*, 221 F.3d 329, 337 (2d Cir. 2000). Such claims must be alleged in a "non-conclusory fashion." *Clyburn v. Shields*, 33 F. App'x 552, 555 (2d Cir. 2002) (summary order). The facts alleged must show that "discriminatory intent" was a "motivating factor" in the defendant's conduct. *Okin v. Vill. of Cornwall-on-Hudson Police Dep't*, 577 F.3d 415, 438 (2d Cir. 2009).

"Where . . . a plaintiff does not claim to be a member of a constitutionally protected class, he may bring an Equal Protection claim pursuant to one of two theories: (1) selective enforcement, or (2) 'class of one.'" *Vaher v. Town of Orangetown, N.Y.*, 916 F. Supp. 2d 404, 433 (S.D.N.Y. 2013). A class-of-one claim requires a plaintiff to plausibly allege that he or she "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). This theory requires that the plaintiff plead "an extremely high degree of similarity" between comparators. *Clubside, Inc. v. Valentin*, 468 F.3d 144, 159 (2d Cir. 2006);

15

*see Ruston v. Town Bd. for Town of Skaneateles*, 610 F.3d 55, 59-60 (2d Cir. 2010). In other words, the similarly-situated comparator must be *"prima facie* identical" to the plaintiff such that "no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy" and "the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendant acted on the basis of a mistake." *Hu v. City of New York*, 927 F.3d 81, 92 (2d Cir. 2019) (quoting *Neilson v. D'Angelis*, 409 F.3d 100, 105 (2d Cir. 2005)).

To plead a selective enforcement claim, a plaintiff must plausibly allege that (1) "compared with others similarly situated, he was selectively treated, and (2) the selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations, such as race or religion, to punish or inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure the person." *Id.* at 91 (quoting *Zahra*, 48 F.3d at 683). A "'reasonably close resemblance' between a plaintiff's and comparator's circumstances" is required. *Id.* at 93.

Plaintiff has alleged no facts to support an equal protection claim under any one of these three theories. He may, however, replead this claim in an amended complaint.

16

## V.    MOTION TO APPOINT COUNSEL

Plaintiff has filed a motion to appoint counsel on the grounds that he is indigent and incarcerated and does not understand the law.  Dkt. 3 at 1-2. Pursuant to 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants.  When determining whether appointment of counsel is appropriate, courts undertake a two-step inquiry.  First, the court determines "whether the indigent's position seems likely to be of substance," and if the claim meets this threshold requirement, the court should then consider the following factors:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented . . ., the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986).

At this stage, it is too early to determine whether Plaintiff's surviving claims are likely to be of substance.  Nor does there appear to be any special reason why appointment of counsel is warranted at this time, particularly since Plaintiff has demonstrated a capacity to communicate the factual basis of his claims to the Court.  *See Kearse v. Aini*, 19-CV-1579 (Sr), 2023 WL 11910925, at *1 (W.D.N.Y. Feb. 1, 2023) (denying motion to appoint counsel where the plaintiff was able to communicate claims to court and it could not yet be determined whether claims were of merit).  For these reasons, the motion is denied without prejudice.

17

## CONCLUSION

For the reasons set forth above, Plaintiff's motion to appoint counsel is denied without prejudice. Plaintiff's excessive force claim and failure to protect claim against Denareo in his individual capacity may proceed to service. His claims against defendant "New York State Gov." are dismissed under the Eleventh Amendment without prejudice and without leave to amend. His remaining claims are dismissed with leave to amend. Plaintiff may file an amended complaint **by July 31, 2026,** in which he includes the necessary allegations as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff is advised that an amended complaint **completely replaces** the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977). Therefore, any amended complaint must include all allegations against each Defendant so that the amended complaint stands alone as the only complaint in this action.

Plaintiff is further advised that he has been granted leave to amend only those claims addressed above. A district court has the inherent authority to dismiss claims that exceed the scope of the court's order granting leave to amend. *See Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012) (summary order) (collecting cases).

18

## **ORDER**

For the reasons set forth above,

ORDERED that Plaintiff's motion to proceed IFP (Dkt. 2) is granted; and it is further

ORDERED that Plaintiff's motion to appoint counsel (Dkt. 3) is denied without prejudice; and it is further

ORDERED that Plaintiff's claims against Defendant "New York State Gov." are dismissed without prejudice and without leave to amend; and it is further

ORDERED that the Eighth Amendment claims against Defendant Deputy Dominic Denareo for excessive force and failure to protect shall proceed to service; and it is further

ORDERED that the remaining claims alleged in the complaint are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted but with leave to amend; and it is further

ORDERED that Plaintiff may file an amended complaint as directed above **by July 31, 2026**; and it is further

ORDERED that the Clerk of Court shall send to Plaintiff with this order a copy of the original complaint, a blank section 1983 complaint form, and the instructions for preparing an amended complaint; and it is further

ORDERED that if Plaintiff does not file an amended complaint by the deadline set forth above, the claims dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii)

19

and 1915A(b)(1) for failure to state a claim upon which relief may be granted, will remain dismissed; and it is further

ORDERED that if Plaintiff does not file an amended complaint **by July 31, 2026,** the Clerk of Court shall cause the United States Marshals Service to serve copies of the summons, the complaint, and this order upon defendant Deputy Dominic Denareo without Plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in Plaintiff's favor;[5] and it is further

ORDERED that pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (1997) (per curiam) the Monroe County Attorney is requested to ascertain the full name, with correct spelling, and last known service address of Deputy Dominic Denareo within 30 days of the date of this Order. The County Attorney need not undertake to defend or indemnify this individual at this time. Rather, this Order merely provides a means by which Plaintiff may name and properly serve this defendant, as instructed by the Second Circuit in *Valentin*.

The County Attorney shall produce the information specified above within 30 days of the date of this Order, either electronically in CM/ECF by selecting "*Valentin* Response" under "Discovery Documents" or by mail to the *Pro Se* Litigation Unit, United States District Court, 100 State Street, Rochester, New

---

[5] If Plaintiff files an amended complaint as directed in this Order, service will be deferred until such time as the Court has screened the amended complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a)-(b).

20

York 14614.  Upon receipt of this information, the Clerk of Court shall amend the caption of this action to reflect the full names of these defendants;[6] and it is further

ORDERED that the Clerk of Court shall forward a copy of this Order and the complaint by email to Deputy Monroe County Attorney Alissa Brennan at alissabrennan@monroecounty.gov; and it is further

ORDERED that, upon service, pursuant to 42 U.S.C. § 1997e(g)(2), Deputy Dominic Denareo shall answer or respond to the remaining claims of the complaint; and it is further

ORDERED that pursuant to Western District of New York Local Rule of Civil Procedure 5.2(d), Plaintiff must immediately notify the Court in writing each time his address changes.  Failure to do so may result in dismissal of the action with prejudice.

SO ORDERED.

Dated:      June 17, 2026
            Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

---

[6] Responses filed electronically in CM/ECF are reviewed by Court personnel before being made public.